UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| TARYN MOYNIHAN, on behalf of herself and all others similarly situated, | ) ) ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) ) | |
| AES GROUP USA, LLC d/b/a KEY AUTISM SERVICES, KEY AUTISM SERVICES OPR, LLC d/b/a KEY AUTISM SERVICES, TRINITY KEY HOLDINGS, LLC, DON FOSTER, AVINOAM SCHECTER, and YOSSI ZAKLIKOWSKI, | ) ) ) ) ) ) ) ) ) ) ) | Civil Action No. 1:22-cv-11889-WGY |
| Defendants. | ) ) | |

**PLAINTIFF'S MOTION TO ENFORCE SETTLEMENT AGREEMENT
AND MEMORANDUM IN SUPPORT THEREOF**

Plaintiff Taryn Moynihan hereby requests that the Court enforce the parties' settlement-in-principle, agreed-to by the parties during mediation with Magistrate Judge Page Kelley on May 28, 2024. In support of this motion Plaintiff states:

1. On May 28, 2024, the parties held a mediation with Magistrate Judge Page Kelley. By the end of the mediation, the parties agreed upon the material terms of a settlement that would resolve all disputes between the parties.

2. On May 28, 2024, the Court was notified by Magistrate Kelley that the matter had been resolved during mediation, and it immediately entered a 60-day settlement order of dismissal on the same day. ECF No. 55-56.

1

3.  In mid-July 2024, since Plaintiff had not yet received a long-form settlement agreement from Defendants, Plaintiff drafted a written settlement agreement and circulated it via email to Defendants' counsel on July 17, 2024, for revisions.

4.  Defense counsel responded on July 19, 2024, saying that she intended to respond with edits the following week.

5.  Having not received any revisions the following week, Plaintiff followed up by email. On July 26, 2024, parties agreed to jointly seek a 30-day extension of the settlement order of dismissal, which was granted on the same day. ECF No. 58.

6.  As of September 20, 2024, Plaintiff has yet to hear from Defendants about the agreement despite numerous attempts to contact and confer with them. Plaintiff asserts that the settlement-in-principle agreed upon during the Court-sponsored mediation is valid and enforceable, despite not having been formalized in writing, because the parties "mutually assent[ed] to all material terms." *Hansen v. Rhode Island's Only 24 Hour Truck & Auto Plaza, Inc.*, 962 F. Supp. 2d 311, 315 (D. Mass. 2013) (settlement agreements are enforceable "when the parties to be bound mutually assent to all material terms, even if those terms are not memorialized in a final writing").

7.  Massachusetts law governs the enforceability of this settlement agreement. *Id.*

8.  Under Massachusetts law, an enforceable contract is created, whether oral or written, where the parties "had the intention to be bound by their agreement at the moment of its formation." *Basis Tech. Corp. v. Amazon.com, Inc.*," 71 Mass. App. Ct. 29, 39, 878 N.E.2d 952, 961 (2008).

9. Where the parties need only memorialize the terms of a settlement, having already agreed to its material terms during a mediation, the settlement is enforceable. *Id.* at 37, 959. ("The parties were proceeding to 'memorialize' or record the settlement terms, not to create them.").

10. A report to the court that the case has settled is strong evidence of the parties' intention to be bound by the agreement they reached at mediation. *Basis,* 71 Mass. App. Ct. at 39, 878 N.E.2d at 961 ("Trial counsel reporting a settlement agreement are not taking out an option to settle. They are not free to cause the court to repeat the considerable preparation and work already consumed by their original trial. Nor should the parties squander the time, effort, expense, and tribulation of their own work by way of an unreliable settlement.").

11. Massachusetts appeals courts have enforced settlement agreements reported to the trial court on the grounds of judicial estoppel. *Id.*, *citing Correia v. DeSimone*, 34 Mass. App. Ct. 601, 603–604, 614 N.E.2d 1014 (1993).

12. In the context of a mediation "conducted under the auspices of the district court alternative dispute resolution program," where the parties, while represented by counsel, "participated in the give-and-take of the negotiations under the guidance of a magistrate judge to reach the terms of the settlement agreement, and then agreed to those terms in private with [the magistrate judge]," the parties' assent to the material terms of an oral settlement agreement is "knowing and voluntary" and may be enforced. *Eswarappa v. Shed Inc./Kid's Club*, 685 F. Supp. 2d 229, 237 (D. Mass. 2010).

13. Even if parties request or engage in further mediation sessions to achieve finality, the original oral agreement may be enforced. *See Swenson v. Wilmington Savings fund Society, FSB*, C.A. No. 1:16-cv-11646, 2021 WL 3929215, at *2, *6, *12 (D. Mass. Sept. 2, 2021) (enforcing settlement agreement arrived at during first mediation after second mediation was unsuccessful).

14. Here, the fact that the parties participated voluntarily in the Court's mediation program, agreed to allow Magistrate Kelley to report to the Court that the case had settled, and mutually agreed to seek an extension of the deadline to consummate the settlement, is more than sufficient evidence of the parties' intent to be bound by the settlement agreed to at the May 28, 2024, mediation.

15. The parties, therefore, can and should be bound by that settlement agreement.

16. For all of these reasons, Plaintiff requests the following relief:

   a. An order that the parties return to mediation with Magistrate Kelley within 30 days, to memorialize and execute the terms of their settlement;

   b. An order that Defendants pay Plaintiff the amount agreed-upon at the May 28, 2024, mediation within 60 days;

   c. An order that the parties have mutually released each other from all claims to the greatest extent allowable under law; and

   d. An order that the parties will be held in contempt if they do not comply with these orders.

Respectfully submitted,

TARYN MOYNIHAN,

By her attorneys,

/s/ Rachel Smit
Hillary Schwab, BBO #666029
Rachel Smit, BBO #688294
FAIR WORK, P.C.
192 South Street, Suite 450
Boston, MA 02111
(617) 607-3260
www.fairworklaw.com
Email: hillary@fairworklaw.com,
rachel@fairworklaw.com

Dated: September 20, 2024

## CERTIFICATE OF SERVICE

I hereby certify that, on September 20, 2024, a true and correct copy of the foregoing was served by electronic filing on all counsel of record.

*/s/ Rachel Smit*
Rachel Smit

## CERTIFICATE OF CONFERENCE

I hereby certify that I emailed counsel for Defendants with a copy of this motion on Monday, September 16, 2024, communicated Plaintiff's intent to file it on Friday, September 20, 2024, and asked Defendants' counsel to provide their availability this week if they thought conferring by phone would be useful. I did not receive a response.

*/s/ Rachel Smit*
Rachel Smit

5